UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEON COUNTY, FLORIDA and the LEON COUNTY ENERGY IMPROVEMENT DISTRICT,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY; EDWARD DeMARCO, in his capacity as Acting Director of FEDERAL HOUSING FINANCE AGENCY; FEDERAL HOME LOAN MORTGAGE CORPORATION; CHARLES E. HALDEMAN, JR., in his capacity as Chief Executive Officer of FEDERAL HOME LOAN MORTGAGE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and MICHAEL J. WILLIAMS, in his capacity as Chief Executive Officer of FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendants. | Case No.: 4:10CV436-RH/WCS |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, Leon County, Florida ("the County") and the Leon County Energy Improvement District ("LEID"), hereby respond to the third Notice of Supplemental Authority filed by Defendants, the Federal Housing Finance Administration ("FHFA"), and the Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal National Mortgage Association ("Fannie Mae") (collectively the "Enterprises").

On June 20, 2011, Defendants filed a pleading styled as a notice of supplemental authority concerning a decision rendered by the United States District Court for the Southern District of New York. Defendants attached the Opinion and Order from *Natural Resources Defense Council, Inc. v. Federal Housing Finance Agency, et al.*, 1:10cv7647 (S.D.N.Y.) (Scheindlin, J.) granting FHFA's motion to dismiss in a case similar to the instant case. As they did in their previous Notice of Supplemental Authority filed on June 14, 2011, Defendants go beyond merely pointing out the relevance of the decision to the instant case. Defendants again argue that their Motion to Dismiss in the instant case should be granted based on the holding in the *Natural Resources Defense Council* case. However, like the court in *Town of Babylon* (the basis of Defendants' second notice of supplemental authority), the court in *Natural Resources Defense Council* did not engage in any substantive legal or factual inquiry into whether FHFA was acting as the Enterprises' regulator or conservator when it took the actions challenged here.

In fact, neither court undertook any analysis concerning whether FHFA was operating under its Housing and Economic Recovery Act ("HERA") general regulatory authority to establish standards by regulation or guideline. Specifically, 12 U.S.C. §4513b(a)(7) provides that FHFA, under its *general regulatory authority*, shall establish standards, by *regulation or guideline*, for each regulated entity relating to "investments and acquisitions of assets by a regulated entity," which is precisely what FHFA did in its July 6, 2010 and February 28, 2011 statements. Neither in *Natural Resources Defense Council, Inc.* nor the *Town of Babylon* did the court analyze whether FHFA acted under

its general regulatory authority or whether it was acting as the Enterprises' conservator as Defendants conveniently assert after the fact in the February 28, 2011 letter. Plaintiffs have put this question at issue in their Memorandum in Opposition to the Defendant's Motion to Dismiss, pending before this Court.

Accepting the factual allegations in the complaint as true, as neither the court in *Town of Babylon* nor the court in *Natural Resources Defense Council, Inc.* appeared to do, dismissal is appropriate only where it is clear that the plaintiff cannot prove a set of facts in support of the claims in the complaint. *Marshall County Board of Education v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993). Plaintiffs have alleged and can prove that FHFA was acting in its regulatory capacity when it took the challenged actions. Also, Plaintiffs reiterate that it is settled law that a "district court is not bound by another district court's decision, or even an opinion by another judge of the same district court," *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir 1991), but respectfully request the opportunity to further brief the issues argued by Defendants' in their multiple notices if they are to be considered by the Court.

Respectfully submitted this 23rd day of June, 2011.

/s/ Edwin A. Steinmeyer
Herbert W. A. Thiele
Florida Bar No.: 0261327
LEON COUNTY ATTORNEY'S OFFICE
301 S. Monroe Street, Suite 202
Tallahassee, Florida 32301
Telephone: (850) 606-2500
Facsimile: (850) 606-2501
thieleh@leoncountysl.gov

Edwin A. Steinmeyer
Florida Bar No.: 0883920
LEWIS, LONGMAN & WALKER, P.A.
P.O. Box 16098
Tallahassee, Florida 32317-6098
Telephone: (850) 222-5702
Facsimile: (850) 224-9242
esteinmeyer@llw-law.com

Erin L. Deady
Florida Bar No.: 0367310
LEWIS, LONGMAN & WALKER, P.A.
515 North Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Telephone: (561) 640-0820
Facsimile: (561) 640-8202
edeady@llw-law.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2011, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

By: /s/ Edwin A. Steinmeyer
Edwin A. Steinmeyer